**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-05709-JFW-AJR Date: July 20, 2026


Title: Cory Honickman; Xhevair Klobocista v. Amwest Funding Corp., et al.

DOCKET ENTRY: **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (DKT. 1)**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| A. Silva-Elder | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

## I. INTRODUCTION

On May 27, 2026, *pro se* Plaintiffs Cory Honickman ("Honickman") and Xhevair Klobocista ("Klobocista") (together "Plaintiffs") filed a Complaint (the "Complaint") against Defendants Amwest Funding Corp., a California corporation ("Amwest"), Michael Martin, individually, Ghidotti Berger LLP, Prestige Default Services, LLC, SNS Law Group, LLP, Edrin Shamtob, individually, Ram Moskowitz, individually, Zoom Casa, LLC, Sarenne Investments, Inc., Kiavi Funding, Inc., Fred Bin, individually, County of Los Angeles, and Christopher R. Jordan, individually (collectively, "Defendants"). (Dkt. 1 at 1.) On May 27, 2026, Plaintiffs also filed Requests to Proceed *In Forma Pauperis* ("IFP Request"). (Dkts. 7-8.) In the Complaint, Plaintiff alleges causes of action for: (1) 42 U.S.C. § 1983 (Fourth Amendment); (2) 42 U.S.C. § 1983 (Fourteenth Amendment);

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

(3) Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; (4) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); (5) Quiet Title; (6) Extrinsic Fraud; (7) Fraud and Deceit; (8) Wrongful Foreclosure; (9) Conversion/Demand for Return of Plaintiffs' Personal property; and (10) Declaratory and Injunctive Relief. (Id.)

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). For the reasons set forth below, the Court finds that the Complaint fails to state a cognizable claim for relief against the Defendants. However, leave to amend is granted.

## II. DISCUSSION

As noted by the District Judge, Plaintiffs' Complaint largely reasserts the same factual allegations and legal claims that Honickman asserted in her previous action, Cory Honickman v. Amwest Funding Corp., et al., Case No. 2:26-cv-1375-JFW (AJRx) ("Honickman I"), which was dismissed without leave to amend on April 6, 2026.[1] (See Dkt. 21 at 3.) "[A] complaint that merely repeats pending or previously litigated claims" is frivolous. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). This action, like Honickman I, involves the real property located at 21173 San Miguel Street, Woodland Hills, CA 91364 (the "Property"). (Dkt. 1 at 4.) In Honickman I, this Court found that Honickman's claims were barred by the Rooker-Feldman doctrine despite Honickman's argument that the Rooker-Feldman doctrine did not apply because she had asserted independent federal claims that were never raised in the state court. (See

---

[1] Courts may take judicial notice of public records, including its own records and records of other courts. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

---

Honickman I, Dkt. 52-1 at 2-3.) For the reasons stated below, Plaintiffs' Complaint is DISMISSED WITH LEAVE TO AMEND.

**A. Plaintiffs' Claims Are Barred By The Rooker-Feldman Doctrine.**

Plaintiffs argue that the Rooker-Feldman doctrine does not apply because they have asserted independent federal and statutory claims against Defendants. (Dkt. 1 at 2, 4.) Plaintiffs also argue that because this case presents an action for extrinsic fraud, Rooker-Feldman does not deprive the Court of subject matter jurisdiction. (Id. at 4.) However, like in Honickman I, Plaintiffs expressly seek to invalidate the state court's judgment and writ of execution. (See Dkt. 1 at 23-24.) "To determine whether an action functions as a de facto appeal, [courts] pay close attention to the *relief* sought by the federal court plaintiff." Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012) (internal quotation marks and citation omitted). Significantly, Plaintiffs seek a declaration to quiet title on the Property and declare that "legal title is vested in Plaintiff Honickman" and that "any state court judgment in the unlawful detainer proceeding obtained through extrinsic fraud is without preclusive effect in this Court." (See Dkt. 1 at 20-23.) Plaintiffs also seek an Order from the Court "restoring Plaintiffs to full possession of the Property." (Id. at 23.)

Plaintiffs' requested relief unambiguously "invite[s] district court review and rejection" of the state court judgment, which Rooker-Feldman prohibits. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005). Accordingly, Plaintiffs' request is a forbidden *de facto* appeal because it seeks to invalidate the state court's unlawful detainer judgment and subsequent enforcement of the writ of possession. See Hofelich v. Lacy, 616 F. App'x 310, 311 (9th Cir. 2015) (holding that "[t]he district court properly dismissed Hofelich's action under the *Rooker-Feldman* doctrine because the action [was] a de facto appeal of the state court's writ of execution"). As a result, Plaintiffs' claims for Quiet Title, Wrongful Foreclosure, and Declaratory Relief are barred by the Rooker-Feldman doctrine.

Moreover, like in Honickman I, Plaintiffs' additional claims are barred by the Rooker-Feldman doctrine because they are inextricably intertwined with the state court's

---

unlawful detainer judgment and subsequent writ of execution. A claim is inextricably intertwined with a state court judgment, and therefore barred by the Rooker-Feldman doctrine, where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Hooper v. Brnovich, 56 F.4th 619, 625 (9th Cir. 2022) (internal quotation marks omitted).

Plaintiffs' Section 1983 claims, ADA claim, and Conversion claim essentially seek to invalidate the state court's unlawful detainer judgment and writ of execution by challenging the execution thereof. (Dkt. 1 at 19-20, 22-23.) However, "a Plaintiff cannot avoid the [Rooker-Feldman] doctrine by suing officials charged with implementing the state court order." Koshak v. Cnty. of Orange, 2014 WL 12626351, at *3 (C.D. Cal. Jan. 24, 2014), aff'd, 637 F. App'x 323 (9th Cir. 2016); see Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("[J]ust as it is impossible to attack a state court order in federal court, it is impossible to attack the implementation of that order by suing the individuals, either in their individual or official capacities, responsible for effecting the decision; thus, the district court lacks jurisdiction to hear the Section 1983 suit."); see also Land & Bay Gauging, L.L.C. v. Shor, 623 F. App'x 674, 679 (5th Cir. 2015) (finding that plaintiff's claim for conversion was barred by the Rooker-Feldman doctrine because "the source of the injury for conversion . . . [was] the state-court judgment itself" and the "hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury."); Aumueller v. Ottawa Cnty. 58th Dist. Ct., 2008 WL 52479, at *2 (W.D. Mich. Jan. 2, 2008) (finding Rooker-Feldman prevented the court from asserting jurisdiction over plaintiffs' claim that defendant violated the ADA by failing to provide reasonable accommodations for their disabilities in evicting them because "the source of the injury that [p]laintiff complain[ed] of [was] the state court decision evicting plaintiffs from their property."). Therefore, this Court is foreclosed from reviewing Plaintiffs' Section 1983 claims, ADA claim, and Conversion claim because they are inextricably intertwined with the state court's judgment. See Busch, 905 F. Supp. at 772 ("[A]ll of plaintiff's claims . . . necessarily require review of the execution of the state court writ of possession issued in the unlawful detainer action, and are barred under the *Rooker-Feldman* doctrine.").

---

**B. Plaintiffs Have Not Stated Claims For Extrinsic Fraud Or Fraud And Deceit.**

Extrinsic fraud on the court occurs when "conduct . . . prevents a party from presenting [her] claim in court." Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981). Critically, the fraud must be extrinsic or collateral to the matters involved in the action. See Green v. Ancora–Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978). "Under California law, extrinsic fraud is a basis for setting aside an earlier judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). "Extrinsic fraud usually arises when a party is denied a fair adversary hearing because [s]he has been deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting [her] claim or defense." Kulchar v. Kulchar, 1 Cal. 3d 467, 471 (1969) (internal quotation marks omitted).

Here, Plaintiffs do not allege that that they were deliberately kept in ignorance of the action or proceeding or that they were fraudulently prevented from presenting their claim or defense. Instead, Plaintiffs contend that Defendants committed fraud by making false representations to the state unlawful detainer court regarding standing, authority to conduct the sale of the Property, and whether the non-judicial foreclosure sale of the Property was void. (See Dkt. 1 at 5-6, 11-12, 21.) However, Plaintiffs fail to allege that Defendants' allegedly false representations prevented them from presenting their claim in court. See E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir. 1992) (holding that "[e]xtrinsic fraud essentially entails preventing a party from presenting all of [her] case to the court, as opposed to defrauding the party with respect to the substantive rights being adjudicated at a proceeding"). The doctrine of extrinsic fraud cannot be invoked "if a party has been given notice of an action and has not been prevented from participating therein" because the party "had an opportunity to present [her] case to the court and to protect [herself] from mistake or from any fraud attempted by [her] adversary." Kulchar, 1 Cal. 3d at 471; accord Thomas v. Hous. Auth. of Cnty. of Los Angeles, 2006 WL 5670938, at *11 (C.D. Cal. Feb. 28, 2006). A "classic example of extrinsic fraud is where the aggrieved party is kept in ignorance of the proceeding or is in some other way induced not to appear." E. & J. Gallo Winery, 967 F.2d at 1287.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



Plaintiffs also do not allege that they were ignorant of the existence of Amwest's motion for summary judgment in the unlawful detainer case, or that they were unable to present evidence or arguments of their own to the judge. See Thomas, 2006 WL 5670938, at *12 (finding that the plaintiffs failed to state a claim for extrinsic fraud when they did not allege that they were unaware that their unlawful detainer case was set for trial or that defendants and their attorney assured them that they or their counsel did not need to appear at trial). Thus, the Court concludes that Plaintiffs have not alleged facts that would support a finding that they were "deliberately kept in ignorance of the" motion for summary judgment, or "fraudulently prevented from presenting [their] claim or defense" at the hearing. Kulchar, 1 Cal. 3d at 471. Accordingly, Plaintiffs have failed to state a claim for extrinsic fraud on the court.

Plaintiffs also fail to state a claim for Fraud and Deceit. (See Dkt. 1 at 21-22.) Claims sounding in fraud are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. ENTTech Media Grp. LLC v. Okularity, Inc., 2021 WL 916307, *6 (C.D. Cal. Mar. 10, 2021). "[A] party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading standard "requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs' allegations hinge on Plaintiffs' belief that Amwest fraudulently represented that it held a valid beneficial interest sufficient to foreclose on the Property and that Plaintiff Honickman received a full reconveyance of the Property. (Dkt. 1 at 21-22.) However, Plaintiffs also allege that the Property was sold in a non-judicial foreclosure sale. (Id. at 11-12.) Although Plaintiffs suggest that the foreclosure sale is void because it violated the automatic bankruptcy stay, the stay was annulled after the bankruptcy court found that "AmWest was unaware of the [bankruptcy filing] prior to the foreclosure sale," and that Plaintiff's actions suggested that she filed the bankruptcy petition merely to delay foreclosure proceedings.[2]

[2] See In Re Cory Beth Honickman, 1:24-bk-11753-VK, Dkt. 54 at ECF pp. 5-6 (Bankr. C.D. Cal.).

---

### C. Plaintiffs Fail To State A Violation Of The Real Estate Settlement Procedures Act Under 12 U.S.C. § 2605(e).

Plaintiffs allege a claim for violation of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* ("RESPA"). RESPA seeks to ensure that real estate consumers "are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). The statute was then expanded to encompass loan servicing as well as the settlement process. See Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 665 (9th Cir. 2012) (citing Pub. L. No. 101-165). To this end, RESPA imposes certain duties on loan servicers regarding borrowers' accounts and in response to their inquiries. See 12 U.S.C. § 2605. In particular, Section 2605(e) creates a private right of action for the failure by a loan servicer to comply with the statutory requirements in responding to a Qualified Written Request ("QWR") for information about the servicing of a loan. 12 U.S.C. § 2605(e).

Here, Plaintiffs allege that Defendants violated RESPA when they failed to provide them with "lawful substantive response[s]" after they submitted two QWRs. (Dkt. 1 at 20.) Plaintiffs allege that on September 17, 2024 and February 12 2025, they submitted QWRs to Defendant, Ghidotti Berger LLP, foreclosure counsel for Defendant Amwest. (Id. at 6, 13, 20.) Plaintiffs assert that Ghidotti Berger LLP refused to produce "assignment-chain documentation" (id. at 6), "chain-of-title assignments demanded, the October 18, 2024 call recording, documents of the refused payments, and documentation of the portal lockout." (Id. at 13.) As a result, "Plaintiffs seek actual damages, per-violation statutory damages, and attorneys' fees." (Id. at 20.) Plaintiffs' allegations are insufficient to state a claim under RESPA.

To state a claim under RESPA, a plaintiff must allege both a violation under RESPA and that the RESPA violation resulted in actual pecuniary damages. See Banares v. Wells Fargo Bank, NA, 681 F. App'x 638, 641 (9th Cir. 2017). Damages "involve concrete harm caused by the RESPA violation itself, not harm generally resulting from a

---

plaintiff's default and foreclosure process." Tamburri v. Suntrust Mortg., Inc., 875 F. Supp. 2d 1009, 1014 (N.D. Cal. 2012). Moreover, because RESPA does not provide for injunctive relief, it cannot be relied upon to stop a foreclosure. Id. at 1013. "[A]ctual damages and, in the case of a pattern or practice, statutory damages, are the only remedies available when a servicer violates." Id. at 1013.

Preliminarily, it is unclear whether Plaintiffs submitted the QWRs to Amwest, which would have triggered Amwest's statutory timeframe to respond, or whether Plaintiffs submitted the QWRs to Ghidotti Berger LLP. (See Dkt. 1 at 6, 13, 20.) However, even if this Court found that Plaintiffs plausibly alleged a RESPA violation, Plaintiffs' Complaint does not allege any fact to suggest how the delay, refusal, and/or averred inadequacy of Defendants' response to Plaintiffs' QWRs caused Plaintiffs to suffer actual pecuniary damages. See Banares, 681 F. App'x at 641; see also York v. Bank of Am., 2015 WL 3561723, at *6 (N.D. Cal. June 8, 2015) ("Lacking averments of actual loss, let alone any link between such losses and Champion's conduct, plaintiffs' RESPA claim as pleaded in the FAC must be dismissed."). Plaintiffs' request for actual damages, statutory damages, and attorneys' fees, (see Dkt. 1 at 20), is conclusory and does not sufficiently identify what damages Plaintiffs suffered or how the alleged RESPA violations caused them. See Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (dismissing RESPA claim because plaintiff "only offer[ed] the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees' " (citation omitted)). Accordingly, Plaintiffs' RESPA claim must be dismissed for failure to state recoverable damages.

## III. DISPOSITION.

For the foregoing reasons, IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is dismissed with leave to amend. On or before **August 20, 2026**, Plaintiffs shall file a First Amended Complaint ("FAC") that attempts to remedy the identified defects. If Plaintiffs choose to file a FAC, it should bear the docket number assigned to this case (2:26-cv-05709-JFW-AJR), be labeled "First Amended Complaint," and be complete in and of itself **without reference to the original Complaint or any other document**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

(except any document that Plaintiffs choose to attach to the FAC as an exhibit). Plaintiffs are encouraged to state their claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. **Plaintiffs are encouraged to utilize the form complaint attached to this Order.**

If Plaintiffs fail to timely respond to this order by filing a FAC, this action may be dismissed with prejudice for failure to obey court orders and/or failure to prosecute. If Plaintiffs no longer wishes to pursue this action or certain claims or defendants, they may voluntarily dismiss the entire action, certain claims, or certain defendants, by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiffs' convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner), available at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.